**LEE LITIGATION GROUP, PLLC**
C.K. Lee (320249)
148 West 24th Street, Eighth Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff and the Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

---

JAMIL WILLIAMS, *on behalf of himself and others similarly situated*,

        Plaintiff,

    v.

DUNNE MANNING, INC. and
DUNNE MANNING STORES, LLC,

        Defendants.

Case No.:

**CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

---

Plaintiff JAMIL WILLIAMS ("Plaintiff"), individually and on behalf of all other persons similarly situated, by his undersigned attorneys, brings this Class Action Complaint against Defendants DUNNE MANNING, INC. and DUNNE MANNING STORES, LLC ("Defendants" or "Dunne Manning") and alleges the following:

## **NATURE OF THE ACTION**

1. This action seeks to bring a stop to, and to obtain redress for, those harmed by Defendants' unlawful practice of taking adverse action against job applicants on the basis of their consumer reports without first providing them with a copy of those reports or disclosing their rights under the Fair Credit Reporting Act.

1

2. Plaintiff brings this lawsuit on his behalf of himself and all others similarly situated against Defendants for willful and/or negligent violations of the Fair Credit Reporting Act, 15 USC § 1681 *et. seq.* ("FCRA").

## PARTIES

*Plaintiff*

3. Plaintiff Jamil Williams is a citizen of the State of New York.

*Defendants*

4. Defendant Dunne Manning Stores LLC owns and operates a number of convenience store chains across the Northeast and Mid-Atlantic regions, including Joe's Kwik Mart, where Plaintiff applied for a position. It is organized under the laws of Delaware and headquartered at 645 Hamilton Street, Suite 500, Allentown, PA 18101.

5. Defendant Dunne Manning, Inc. (formerly known as Lehigh Gas Corporation) is the parent company of Defendant Dunne Manning Stores, LLC. It is also organized under the laws of Delaware and headquartered at 702 Hamilton Street, Allentown, PA 18101. It's address for service of process is 645 Hamilton St., Suite 500, Allentown, PA, 18101.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this controversy pursuant to 28 U.S.C. §§ 1331 because this Complaint involves a federal cause of action.

7. The Court has personal jurisdiction over Defendants because they are headquartered in Pennsylvania.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because Defendants are headquartered in this District.

## **STATEMENT OF FACTS**

9. On or around January 10, 2022, Plaintiff walked into the Joe's Kwik Mart located at 1701 Union Boulevard, Bay Shore, New York 11706 and observed that the store was hiring for a cashier position. The help-wanted ad directed him to apply online, which Plaintiff then did the same day.

10. The application asked whether Plaintiff had any criminal convictions and Plaintiff answered truthfully that he had one (a 2018 conviction for simple gun possession not tied to any other illegal conduct).

11. The application did not ask about the nature of the conviction.

12. The application did not request Plaintiff's permission to run a background check on him. Nor did the application inform Plaintiff that a background check would be conducted.

13. Later in the day after Plaintiff applied for the position, he received the following text from the Dunne Manning Human Resources Team:



**Thank you for applying at Dunne Manning** Inbox

donotreply@people... Jan 10
to me

Dear Jamil,

Thank you for applying for the position(s) of Joe's Kwik Mart Overnight Cashier/Sales Associate at Joe's Kwik Mart - 451.

We look forward to reviewing your application. This correspondence is to confirm we have received your application which will be reviewed by our team. We will only be in contact with those applicants we choose to interview.

Good Luck with your job search!

Best Regards,
The Human Resources Team

Note: If you would like to access any documents that you have e-signed or see the jobs you've applied for as part of your application process, you need an account. Click this link
https://my.peoplematter.com/Account/SignUp?id=QVqqbOdeh0mqAK4ZAPt0rQ to get started. You can go to your Workfile to access these documents. This is not a required step in your application and is for your convenience only. Please note that the link



14. On January 17, 2022, Plaintiff received a phone call from a Dunne Manning representative. The representative offered Plaintiff the job for which he had applied, and the two discussed various details of the onboarding process.

15. Later the same day, Plaintiff was called again by a Dunne Manning representative, who informed him that a background check had revealed his conviction and that he therefore could not be hired.

16. Plaintiff then went to the Joe's Kwik Mart where he had applied to work to inquire about why exactly his conviction disqualified him. He was told by the person working at the time that she did not know the details but that her boss had decided that the conviction disqualified Plaintiff and "that's what it is."

17. Plaintiff did not receive a copy of the background check conducted by Defendants.

18. Plaintiff did not receive notice of his rights under the FCRA from Defendants.

## LEGAL ANALYSIS

19. The purpose of the Fair Credit Reporting Act is to ensure that consumer reports are used "with fairness, impartiality, and a respect for the consumer's right to privacy." 15 USC § 1681.

20. Criminal background checks constitute "consumer reports" because they are a "written . . . communication" that bears on "a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living" and "is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for . . . employment purposes . . . ." 15 USC § 1681a(d)(1).

21. The FCRA provides that "a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer" unless:

**(i)** a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes; and

**(ii)** the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report by that person.

15 USCS § 1681b(B)(2)(A)(i)-(ii)

22. The FCRA further provides that "before" a potential employer like Defendants may take "any adverse action based in whole or in part" on a consumer report, it "shall provide" the person who is the subject of the report with "(i) a copy of the report; and (ii) a description in writing of the rights of the consumer under [the FCRA]." 15 U.S.C. § 1681b(b)(3)(A).

23. Defendants violated all the foregoing requirements. While the application Plaintiff filled out inquired about his conviction history, it did not state that a background check on Plaintiff would be run. It therefore also did not ask that Plaintiff to authorize the background check.

24. Defendants also failed to provide Plaintiff with either a copy of the background report they had procured or a description of his rights under the FCRA.

25. Had Plaintiff received a copy of the background report before Defendants took adverse action, he could have persuaded Defendants that his conviction did not bear on his ability or fitness to work as a cashier at Joe's Kwik-Mart. As noted, his gun possession conviction was not tied to any other unlawful conduct. It was not a property crime, so it gave Defendants no cause to worry that their money would not be secure in Plaintiff's hands. It also was not a violent crime, so it gave Defendants no cause to worry about the safety of customers or other store employees.

26. As the Third Circuit observed:

The required pre-adverse-action copy of an individual's consumer report allows him to ensure that the report is true, and may also enable him to advocate for it to be used fairly—such as by explaining why true but negative information is irrelevant to his fitness for the job. The required pre-adverse-action notice of FCRA

6

rights provides the individual with information about what the law requires with regard to consumer reports. The advance notice requirement, then, supports both accuracy and fairness. It helps ensure that reports are properly used and relevant for the purposes for which they are used.

*Long v. SEPTA*, 903 F.3d 312, 319 (3d Cir. September 10, 2018)

27. Thus, Plaintiff was injured as a direct consequence of Defendants' FCRA violations. So, too, was a Class of all applicants to Dunne Manning positions who (1) had criminal convictions; (2) had background checks done on them, (3) were not hired for the position, and (4) either did not receive a copy of the background report before Defendants took adverse action or did not give their consent to the background check.

28. Defendants' conduct toward Plaintiff indicates that they have routinely and systematically rejected other job applicant Class members on the basis of their background reports without providing them with a copy of those reports or disclosing their rights under the FCRA.

## CLASS ACTION ALLEGATIONS

29. Plaintiff Williams brings this case as a proposed class action pursuant to Federal Rule of Civil Procedure 23 on behalf of himself and the following class:

> All individuals who, during the applicable limitations period, applied for employment with Defendants in the United States, were the subject of a consumer report ordered by Defendants, and were denied employment without first receiving a copy of their consumer report ("the Class").

30. Plaintiff reserves the right to amend the foregoing class definition based on information learned in the course of litigating this case.

31. Class members are so numerous that joinder of all members is impracticable. The precise number of Class members is information uniquely within Defendants' possession, but Defendants operate over 100 Joe's Kwik-Mart locations, so numerosity is clear. Class members may be notified of the pendency of this action by published and/or mailed notice.

32. There are questions of law and fact common to Class members, and these questions predominate over any questions affecting only individual members. Common legal and factual questions include, *inter alia*:

   (a) Whether Defendants violated the FCRA by ordering background checks on Plaintiff and the FCRA Class without providing them with a copy of the background report or apprising them of their rights under the FCRA before taking adverse action;

   (b) whether Defendants were willful in their noncompliance with the requirements of the FCRA;

   (c) whether statutory damages, compensatory damages, exemplary damages and punitive damages for Class members are warranted; and

   (d) whether a declaratory judgement and/or injunctive relief is warranted regarding Defendants' policies and practices.

33. Plaintiff's claims are typical of the claims of the classes he seeks to represent. Plaintiff's experience indicates that it is Defendants' standard practice to take adverse action against applicants without providing them with copies of their consumer reports or disclosing their rights under the FCRA. It is also Defendants' standard practice to run background checks on applicants without first obtaining their authorization for such.

34. Plaintiff will fairly and adequately represent and protect the interests of Class members because his interests coincide with, and are not antagonistic to, those interests. Plaintiff has retained Counsel who are competent and experienced in complex class actions. There is no conflict between Plaintiff and the Class members.

35. Class certification is appropriate under Rule 23(b)(2) because Defendants have acted and/or refused to act on grounds generally applicable to the Class, making appropriate declaratory and injunctive relief with respect to Plaintiff and the Classes. Class members are

entitled to declaratory and injunctive relief to end Defendants' common, uniform, unfair, and discriminatory policies and practices.

36. Class certification is also appropriate under Rule 23(b)(3) because common questions of fact and law predominate over any questions affecting only individual Class members, as discussed above.

37. Moreover, a class action is superior to other available methods for the fair and efficient adjudication of this action. Class members have been damaged and are entitled to recovery as a result of Defendants' uniform policies and practices. The amount of each Class member's individual claim is small compared to the expense and burden of individual prosecution of this litigation. A class action will allow more individuals to obtain relief, given the high cost of bringing individual actions, while also saving judicial resources.

## CAUSE OF ACTION

## VIOLATIONS OF FAIR CREDIT REPORTING ACT

## (15 U.S.C. § 1681 et seq)

### *Brought by Plaintiff on Behalf of Himself and the FCRA Class*

38. Plaintiff incorporates all the preceding paragraphs of this Complaint as if fully alleged herein and further alleges as follows:

39. The FCRA provides that "a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer" unless

> **(i)** a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes; and

> **(ii)** the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report by that person.

15 USCS § 1681b(B)(2)(A)(i)-(ii)

40. The FCRA also provides that "before" a potential employer like Defendants may take "any adverse action based in whole or in part" on a consumer report, it "shall provide" the person who is the subject of the report with "(i) a copy of the report; and (ii) a description in writing of the rights of the consumer under [the FCRA]." 15 U.S.C. § 1681b(b)(3)(A).

41. Defendants violated the FCRA by running a background check on Plaintiff and FCRA Class members without requesting their permission or even informing them that one would be run.

42. Defendants further violated the FCRA when they denied employment to Plaintiff and FCRA Class members without first providing them with copies of their background reports and apprising them of their rights under the FCRA.

43. Defendants' violations of the FCRA were willful and wanton, the result of a systematic policy rather than an isolated error. Defendants therefore owe statutory and punitive damages to Plaintiff and FCRA Class members, since any person who willfully violates the FCRA is liable for actual damages or "damages of not less than $100 and not more than $1,000," as well as "such amount of punitive damages as the court may allow." Plaintiff and Class members are also entitled to reasonable attorneys' fees pursuant to 15 USCS § 1681n.

44. Furthermore, the Court should enjoin Defendants' unlawful violations of the FCRA by ordering it to institute FCRA-compliant hiring procedures.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and Class members pray for relief as follows:

    (a)    Certification of the case as a class action on behalf of the proposed Class;

(b) Designation of Plaintiff Williams as Class representative;

(c) Designation of Plaintiff's counsel of record as Class Counsel;

(d) Injunctive and/or declaratory relief to correct Defendants' unlawful practices;

(e) An award of all applicable compensatory, statutory, and punitive damages for violations of the FCR;

(f) An award of costs incurred herein, including reasonable attorneys' fees to the extent allowable by law;

(g) Pre-judgment and post-judgment interest, as provided by law;

(h) Payment of a reasonable service award to Plaintiff Williams, in recognition of the services he has rendered and will continue to render to Class members, and the risks he has taken and will take; and

(i) Such other and further legal and equitable relief as this Court deems necessary, just and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff, on behalf of himself and all others similarly situated, demand a trial by jury on all questions of fact raised by the Complaint.

Dated: March 9, 2022

Respectfully submitted,

**LEE LITIGATION GROUP, PLLC**

*/s/ C.K. Lee*
By: C.K. Lee, Esq.
C.K. Lee (320249)
148 West 24th St., Eighth Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff and the Class*

11